# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN GRACE BEASTON, | : | CIVIL NO. 1:CV-12-1455 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SUPERINTENDENT WINSTEAD, | : | |
| et al., | : | |
| Respondents | | |

## MEMORANDUM

Petitioner Susan Grace Beaston ("Beaston"), a state inmate incarcerated at the State Correctional Institution at Cambridge Springs, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, Beaston challenges her conviction on charges of Third Degree Murder and Possession of an Instrument of Crime by the Court of Common Pleas of Huntingdon County, Pennsylvania. Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On August 3, 2012, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. No. 5). On October 4, 2012, Respondents filed an answer to the petition addressing the timeliness of the petition. (Doc. No. 11.) The relevant time period has expired and Beaston did not file any reply to Respondents' filing. However, it was discovered by the

Court that Respondents had failed to serve Beaston with a copy of their response to the Bendolph order. As such, Beaston was provided with a copy of the response and given the opportunity to file a reply thereto. She submitted a reply on January 30, 2013. (Doc. No. 14.) After considering the entire record, the habeas petition will be dismissed as untimely for the reasons set forth below.

**I.      Background**

On May 15, 2003, Beaston was convicted of Murder in the Third Degree and Possession of an Instrument of Crime in the Court of Common Pleas of Huntingdon County, Pennsylvania, in criminal case No. CP-31-CR-0000347-2002. She was sentenced on July 21, 2003, to a term of fifteen (15) to thirty (30) years in a state correctional facility. A direct appeal was pursued to the Pennsylvania Superior Court, and the conviction and sentence were affirmed on December 22, 2004. A petition for allowance of appeal filed with the Pennsylvania Supreme Court was denied on July 7, 2005.

A timely petition for post-conviction relief ("PCRA") was filed by Beaston on October 27, 2005. The petition was denied on December 9, 2009. An appeal from the denial of PCRA relief was filed with the Pennsylvania Superior Court. On December 8, 2010, the Superior Court affirmed the denial of PCRA relief. Beaston thereafter sought allocatur with the Pennsylvania Supreme Court on December 30, 2010. Relief was denied by the Supreme Court on May 25, 2011. The instant federal petition for writ of habeas corpus was filed on July 27, 2012. In the petition, Beaston raises grounds including the ineffective assistance of trial counsel, improper jury instructions and insufficient evidence.

**II.     Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (Ar. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Beaston was sentenced on July 21, 2003. She filed a direct appeal with the Pennsylvania Superior Court, and the conviction and sentence were affirmed on December 22, 2004. An appeal to the Pennsylvania Supreme Court was denied on July 7, 2005. No writ of certiorari was pursued to the United States Supreme Court. Thus, for purposes of calculating the federal

3

limitations period, the sentence became final ninety (90) days from July 7, 2005, or approximately October 7, 2005, when the time for filing a petition for writ of certiorari with the United States Supreme Court expired. The one-year federal limitations period began to run at this time, and was set to expire on October 7, 2006. However, the Court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On October 27, 2005, Beaston filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act. While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.")(some internal quotations omitted), reh'g denied, 273 F.3d 1123 (11th Cir. 2001). A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

The federal limitations period in the instant case began to run on October 7, 2005, and

4

was set to expire on October 7, 2006. However, approximately twenty (20) days into this period, on October 27, 2005, Beaston filed a timely PCRA petition with the Court of Common Pleas of Huntingdon County. As such, the statute of limitations became tolled at this point. The Superior Court affirmed the denial of post-conviction relief on December 8, 2010. Beaston thereafter petitioned the Pennsylvania Supreme Court for allowance of appeal on December 12, 2010, and her request was denied on May 25, 2011. Thus, it was at this point that the federal statute of limitations period once again began to run for purposes of filing the instant federal habeas corpus petition.

The timely filing of the PCRA petition tolled the federal limitations period as of October 27, 2005. As of said date, only 20 days of the one-year federal limitations period had run. With the denial of Beaston's petition for allowance of appeal by the Pennsylvania Supreme Court on May 25, 2011, the federal limitations period recommenced. Three hundred and forty-five (345) days of the one-year federal limitations period remained. As such, the limitations period expired on or about May 5, 2012. The instant federal habeas petition was filed on July 27, 2012, and is clearly untimely.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has

5

been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Beaston must demonstrate that she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In her petition and reply brief, Beaston sets forth no arguments in support of a finding that equitable tolling of the AEDPA statute of limitations is warranted in this case. While she argues she has documented mental incapabilities and lacked the proper assistance in the prison law library, her filings reveal that she was more than capable of pursuing a federal habeas corpus petition and simply failed to act with reasonable diligence in doing so. For these reasons, the Court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

**III.     Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN GRACE BEASTON, | : | CIVIL NO. 1:CV-12-1455 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SUPERINTENDENT WINSTEAD, | : | |
| et al., | : | |
|     Respondents | | |

## ORDER

**NOW, THIS 1st DAY OF MARCH, 2013,** upon consideration of the above-captioned petition for writ of habeas corpus and in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed as time-barred** by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to **close this case**.

                                                    S/ Yvette Kane
                                                  YVETTE KANE, Chief Judge
                                                  Middle District of Pennsylvania